UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
                        Plaintiff, )
)
      v. )
)
VIGOR SHIPYARDS, INC. f/k/a TODD PACIFIC )
SHIPYARDS CORPORATION )
1801 – 16th Avenue, S.W. )
Seattle, Washington 98134, )
)
    Serve: Registered Agent )
    CT Corporation System )
    505 Union Avenue, Suite 120 )
    Olympia, Washington 98501, )
)
                        Defendant. )

## COMPLAINT

(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE
BENEFIT FUND AND FOR AN AUDIT)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension

Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant Vigor Shipyards, Inc., f/k/a Todd Pacific Shipyards Corporation, is a Delaware Corporation with an office located at 1801 – 16th Avenue, S.W., Seattle, Washington, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement, participating agreement and trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Vigor Shipyards, Inc. f/k/a Todd Pacific Shipyards Corporation has been bound at all relevant times to a Collective Bargaining Agreement and Participating Agreements with International Union of Operating Engineers Local Union No. 286 that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Agreements.

8. During the months of January 2010 to December 2012 the Defendant employed employees performing work covered by the Agreements.

9. During the months of January 2010 to December 2012 the Defendant failed to pay all contributions owing to the Central Pension Fund in the amount of $11,856.28

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

13. Pursuant to the Restated Agreements and Declarations of Trust, an employer making contributions to the Plaintiffs is obligated to supply records necessary to permit the Plaintiffs to determine if the employer is making the required payments.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. In January 2014 Calibre CPA Group PLLC performed a payroll audit of the records supplied by the Defendant for the period of January 2010 through December 2012.

16. The results of the audit revealed that during the months of January 2010 through December 2012 the Defendant failed to pay all contributions owing to the Central Pension Fund under the Agreements in the total amount of $11,856.28.

17. The Defendant failed to pay the amount owing to the Central Pension Fund as revealed by the audit.

18. By virtue of the failure to pay all contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

19. The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund.

20. The Central Pension Fund is entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

## COUNT II

### (AUDIT)

21. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count II.

22. An audit of the Defendant's records from January 2013 to the present will permit the Plaintiff to determine whether the Defendant is properly reporting the amounts owed to the Plaintiffs.

23. Under the terms of the Restated Agreements and Declarations of Trust, Plaintiff is entitled to conduct an audit of Defendant's payroll records.

**WHEREFORE,** Plaintiff prays judgment against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff for work performed during the months of January 2010 through December 2012.

B. For liquidated damages for any late and unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C. Interest, costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D. For a Court Order requiring Defendant to submit all payroll books and records to Plaintiff for audit at the Defendant's cost for the period of January 2013 through and including September 2014.

E. For any and all contributions, liquidated damages, and interest owed to the Plaintiff which become due as a result of the audit and up to the date of judgment plus costs, interest, audit and reasonable attorneys' fees pursuant to the Collective Bargaining Agreement, Restated Agreements and Declarations of Trust, Participation Agreements and 29 U.S.C. § 1132(g)(2).

F. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 11, 2014

O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*